UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHELY J. PEREZ,

                Plaintiff,

v.                                              **DECISION AND ORDER**
                                                                 17-CV-997S

FOREMOST INSURANCE COMPANY and
CHARLES BARLING,

                Defendants.

On September 24, 2009, Plaintiff Michely J. Perez was injured when she slipped and fell while stepping out of the bathtub in her mother's apartment, which was owned by Defendant Charles Barling. (Notice of Removal, Docket No. 1, p. 8.) After a bench trial in New York State Supreme Court, County of Erie, the court awarded Perez a net verdict of $75,000 against Barling, together with costs and disbursements of $1,951.50. (Id. at pp. 8-9.) The court then entered judgment on June 20, 2017, in the aggregate amount of $76,951.50, with interest on the judgment awarded at 9 percent per year from May 26, 2017. (Id. at p. 9.)

On September 7, 2017, Perez commenced a declaratory judgment action in state court against Barling and his insurance company, Defendant Foremost Insurance Company ("Foremost"), after Foremost declined liability coverage. Perez alleges that "Foremost is obligated to indemnify CHARLES BARLING for the Judgment, plus interest and costs, obtained by Plaintiff, MICHELY J. PEREZ." (Id.) Perez thus seeks "a determination of the respective rights and obligations of the parties relative to FOREMOST's Insurance Policy No. 381-006673-5073-04 and satisfaction of the

1

underlying Judgment." (Id.)

On October 3, 2017, Foremost removed Perez's state court declaratory judgment action to federal court under 28 U.S.C. §§ 1441 (b) and 1446. (Docket No. 1.) Several weeks later, on October 31, 2017, Perez moved for remand to state court on the basis that (1) the matter in controversy does not exceed $75,000, exclusive of interest and costs, see 28 U.S.C. § 1332 (a), and (2) the "rule of unanimity" is not satisfied because Barling did not (and does not) consent to removal. (Docket No. 7.) Perez's motion is fully briefed, and this Court finds oral argument unnecessary. (Docket Nos. 7, 12, 13.) For the reasons stated below, Perez's motion is denied.

A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction. See 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions arising under the Constitution, treaties, or laws of the United States, and over all civil actions between citizens of different states, if the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. §§ 1331, 1332 (a)(1).

Out of respect for states' rights and in keeping with the limited jurisdiction of federal courts, removal jurisdiction is "strictly construed," with all doubts resolved against removal. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). The removing party bears the burden of establishing proper jurisdiction. United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Funeral Fin. Sys., Ltd. v. Solex Express,

Inc., No. 01-CV-6079(JG), 2002 WL 598530, at *3 (E.D.N.Y. Apr. 11, 2002) (noting that in the face of a motion to remand, the burden falls on the defendant to prove the existence of jurisdiction and that the case is properly in federal court).

Foremost removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332 (a)(1). (Docket No. 1, p. 2.) The diversity of the parties is not at issue, but Perez challenges both the amount-in-controversy requirement and satisfaction of the "rule of unanimity," which will each be discussed in turn.

For diversity jurisdiction to lie, the matter in controversy must exceed $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332 (a). In declaratory judgment actions, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977); see Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59, 68 (2d Cir. 2012). When the applicability of liability coverage is at issue, as in this case, "the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy."[1] Hartford Ins. Grp. v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002).

Here, the underlying claim is Perez's declaratory judgment action, in which Perez seeks to have Foremost indemnify Barling to fully satisfy the $76,951.50 judgment entered in state court (plus interest and costs). (Docket No. 1, p. 9.) On its face, the

---

[1] If, however, the "substance of the declaratory judgment action seeks to determine the validity of an insurance policy, then the policy limit is the amount in controversy." Infinity Ins. Co. v. Sevilla Guerrero, No. CIV F 07-583 (AWI)(TAG), 2007 WL 2288324, at *3 (E.D. Cal. Aug. 8, 2007). Here, no party argues that the policy limit is the amount in controversy.

3

judgment exceeds the jurisdictional amount of $75,000. Perez argues, however, that the state-court verdict was only $75,000, and that $1,951.50 was awarded in costs and disbursements, which should be excluded from the jurisdictional calculation under 28 U.S.C. § 1332 (a). See 28 U.S.C. § 1332 (a) (providing that the jurisdictional amount is "the sum or value of $75,000, exclusive of interest and costs"). As such, Perez argues, Foremost cannot establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

Perez's interpretation of the "exclusive of interest and costs" provision in 28 U.S.C. § 1332 (a) is incorrect. That provision excludes interest and costs that may be anticipated in the federal action:

> The phrase 'exclusive of interest or costs' in section 1332 obviously refers to interest or costs which might be awarded in connection with the federal diversity proceedings. In other words, in determining whether the matter in controversy between citizens of different states exceeds [$75,000], possible interest or costs that might be allowed in connection with the federal action should not be considered.

Farmers Ins. Co. v. McClain, 603 F.2d 821, 823 (10th Cir. 1979).

The disbursements and costs at issue here are not those anticipated in the federal action, but rather, are those incurred in the underlying state action that were included in the judgment now at issue. In such a case—when the subject matter of the controversy includes the costs awarded in an earlier lawsuit—the costs are considered in determining the jurisdictional amount. See 14AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3712 (4th ed. 2011); see also Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). Consequently, since the costs and

4

disbursements are included in the judgment Perez won in the earlier lawsuit, the entire $76,951.50 judgment is considered for jurisdictional purposes. And since that amount exceeds $75,000, Foremost has demonstrated that the jurisdictional amount-in-controversy requirement is met.

The next question is whether Foremost satisfied the "rule of unanimity" upon removal. One of the procedural requirements for removal is that "all defendants who have been properly joined and served must join in or consent to the removal of the action." See 28 U.S.C. § 1446 (b)(2)(A). Known as the "rule of unanimity" before its incorporation into the statute, the rule requires that each defendant "independently express their consent to removal." Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012).

Here, it is undisputed that Barling did not consent to removal. Moreover, Perez has filed an affidavit from Barling's counsel indicating that Barling objects to the litigation of this matter in federal court. (See Docket No. 7-4.) Perez therefore argues that remand is required. Foremost, on the other hand, argues that Barling should be realigned as a plaintiff in this action since he shares interests with Perez, not Foremost. Once that occurs, argues Foremost, the "rule of unanimity" will be satisfied.

"[D]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants." Gurney's Inn Resort & Spa Ltd. v. Benjamin, 743 F. Supp. 2d 117, 121 (E.D.N.Y. 2010) (quotations and citations omitted). Court are therefore permitted to realign parties "to ensure that the case truly involves the kind of adversarial relationship constitutionally required in a case or controversy in the federal courts." Md. Cas. Co. v. W.R. Grace & Co., 23 F.3d 617,

5

622 (2d Cir. 1993) (quotation and citation omitted). "To determine the proper alignment of the parties, the Second Circuit has adopted a 'collision of interests' test, which 'require[s] the existence of an actual, substantial controversy' between the parties." Gurney's Inn Resort & Spa, 743 F. Supp. 2d at 121 (quoting Md. Cas., 23 F.3d at 622).

This district recently explored the relationship between insured and insurer in the context of realigning parties:

> "Ordinarily the victim of an insured is on one side of the lawsuit and the insured and his insurance carrier are on the other...." Truck Ins. Exch. v. Ashland Oil, Inc., 951 F.2d 787, 788 (7th Cir. 1992). However, "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." Home Ins. Co. of Ill. v. Adco Oil Co., 154 F.3d 739, 741 (7th Cir. 1998). "This is so because any finding that the insurer owes a duty to indemnify an insured mutually benefits the insured party and the injured party. The insured party is relieved of having to pay the judgment out of his own pocket, at least to the extent of the policy limit." Grinnell Select Ins. Co. v. Glodo, No. 08-CV-891-JPG, 2009 WL 455126, at *2 (S.D. Ill. Feb. 23, 2009); see Davis v. Carey, 149 F.Supp.2d 593, 595 (S.D. Ind. 2001) ("Even though [the insured] is potentially liable for a substantial part of the judgment against him, it is in his interest to have as much of that judgment satisfied by the proceeds from the Allstate policy as possible."); see also Randolph v. Emps. Mut. Liab. Ins. Co. of Wis., 260 F.2d 461, 464 (8th Cir. 1958) ("Even if [the insured] were to be considered a party to the present proceeding, he should be aligned for jurisdictional purposes with the plaintiff, as it would be to [the insured's] interest to have the judgment against him satisfied by his insurer."). In such a case, "the insurance company is really the adversary of the insured and the insured's victim." Hulliung Gymnastics, Inc. v. Phila. Indem. Ins. Co., No. 13-CV-1279 (JPG) (DGW), 2014 WL 3400549, at *2 (S.D. Ill. July 9, 2014). For this reason, "federal courts routinely realign the parties to place the injured third party on the same side of the caption as the tortfeasing insured, as against the insurer." Garcia v. Century Sur. Co., No. 14-CV-3196 (RM) (MJW), 2015 WL 1598069, at *1 (D. Colo. Apr. 7, 2015) (collecting cases).

Romano v. Am. States Ins. Co., 295 F. Supp. 3d 307, 316–17 (W.D.N.Y. 2017) (Wolford, J.).

With little elaboration or explanation, Perez argues that Barling's interests are not aligned with hers because she and Barling were adversaries in the underlying state case and continue to be adversaries in the pending state appeal.[2] While this may be true, it is irrelevant for purposes of determining proper removal, where what matters are the parties' respective interests in the removed action. Here, it is clear that Barling is aligned with Perez, not with Foremost. Perez's success will be to Barling's benefit because Foremost would have to indemnify Barling and pay the underlying judgment up to the policy limits, whereas Foremost's success will be to Barling's detriment because no such indemnification would be due and Barling would have to pay the underlying judgment without contribution. See id.

This Court therefore realigns Barling as a plaintiff with Perez because their interests in the outcome of the declaratory judgment action are aligned and adverse to Foremost's. With the parties now properly aligned, Foremost is in compliance with 28 U.S.C. § 1446 (b)(2)(A) and the "rule of unanimity" since it is the sole defendant from which consent for removal is required.

Consequently, having found that the amount-in-controversy and "rule of unanimity" requirements are met for proper diversity jurisdiction and removal, Perez's motion for remand is denied.

---

2 Perez also claims that "there is clearly actual and substantial conflicts between [Perez] and Barling in both this and the underlying proceeding," but she fails to identify any such "substantial conflicts" in the removed action. (Docket No. 13-1, p. 4.)

IT HEREBY IS ORDERED, that Plaintiff's Motion to Remand (Docket No. 7) is DENIED.

SO ORDERED.

Dated:	June 4, 2018
	Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge