UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHELY J. PEREZ,

                    Plaintiff

     v.

FOREMOST INSURANCE COMPANY and
CHARLES BARLING,

                    Defendants.                    17-CV-997S(Sr)

## MOTION TO AMEND PLEADING, GRANTING
## PARTIAL SUMMARY JUDGMENT, AND AMENDING THE
## SCHEDULING ORDER

      PLEASE TAKE NOTICE that upon the annexed Affirmation of Denis A. Kitchen, Esq,

dated, November 25, 2019, the Answer and Cross-Claim of defendant CHARLES BARLING

previously filed on June 20, 2018, **(Exhibit A)** the proposed Amended Answer and Cross-Claim

of BARLING **(Exhibit B)**, the Answer and Cross Claim of FOREMOST INSURANCE

COMPANY **(Exhibit C)**, the Rule 26 Disclosure **(Exhibit D)**;

      Defendant-Cross Claimant CHARLES BARLING will move this court at a motion term

thereof, be held before Hon. Judge William Skretny at the U. S. District Court for the Western

District of New York at the Jackson Federal Court House, Niagara Square, Buffalo, New York

on the _____ day of day of _____ at _____ in the _____noon of that day or

as soon thereafter as counsel may be heard for an order granting the following relief:

     1.  Pursuant to Section 15 of the Federal Civil Rules of Procedure granting leave to the

Defendant, CHARLES BARLING to amend his Answer and Cross-Claim in the above entitled

case previously filed on June 20, 2018, a copy of which is annexed hereto as **Exhibit A** by

replacing said pleading with the Amended Answer and Cross-Claim annexed hereto as **Exhibit

B**.

2. Granting summary judgment dismissing the Cross-Claim of the defendant,

FOREMOST INSURANCE COMPANY, against the defendant, CHARLES BARLING.

3. Revising and amending the Scheduling Order of the Court dated August 14, 2018.

4. Granting such other an further relief as to the court  shall seem just and proper.


Dated:  November 25, 2019

DENIS A. KITCHEN, ESQ.
Attorney for Charles Barling
8899 Main Street
Williamsville, New York  14221
631-5661

TO: Rupp Baase Pfalzgraf Cunningham LLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHELY J. PEREZ,

                     Plaintiff

      v.

FOREMOST INSURANCE COMPANY and
CHARLES BARLING,

                     Defendants.                             17-CV-997S(Sr)

_____

STATE OF NEW YORK
COUNTY OF ERIE

        DENIS A. KITCHEN, the undersigned, an attorney admitted to practice in the courts of

New York State, affirm under the penalties of perjury as follows

        1.   That I am an attorney for CHARLES BARLING, a defendant in the above entitled

action and make this affirmation in support of the relief requested in the annexed Notice of

Motion.

        2.   The above entitled action was originally commenced by the plaintiff, MICHELY J.

PEREZ, following the entry of a judgment in her favor after a negligence trial in New York State

Supreme Court against defendant CHARLES BARLING in the sum of $75,000 based upon an

injury from a fall in the premises of a rental unit owned by BARLING.   The action was

originally initiated in New York State Supreme Court, Erie County (Index No. 812688/2017)

against the defendants seeking payment of the judgment by either, but it was removed to the U.S.

District Court for the Western District of New York (17-CV-997S(Sr)) at the behest of the

defendant, FOREMOST on October 3, 2017. Each defendant cross-claimed against the other.

        3. Subsequent to the removal of the case to this court, and the granting of a Scheduling

Order granted August 18, 2018 by Hon. H. Kenneth Schroeder, Jr., United States Magistrate

Judge, the plaintiff settled her claim with the defendant, FOREMOST, which paid the plaintiff

an agreed sum, effectively terminating the plaintiff's case, leaving unresolved the cross-claims of the defendants against each other.

4. FOREMOSTS's Answer to the plaintiff's Complaint (**Exhibit C**) alleges in paragraphs 8 through 11 thereof:

> (8.) The damages alleged in the complaint are excluded under the subject policy of insurance
> (9.) There is no coverage under the subject policy of insurance as it had been cancelled prior to the date of loss.
> (10.) This answering defendant denies any negligence, carelessness, fault, or statutory violations on its part with respect to the occurrence described in the complaint, but if the plaintiff recovers judgment in this action against this answering defendant, its liability will have been brought about or caused by reason of the primary negligence, carelessness, fault, statutory violations, or other culpable conduct on the part of defendant, Charles Barling.
> (11.) Should plaintiff recover judgment against this answering defendant, the defendant, Charles Barling, shall be liable over to this answering defendant for all or any part of such judgment on the basis of indemnification and/or contribution to the extent of their relative responsibility for the damages caused and the judgment obtained.

5. Subsequently, FOREMOST settled with the plaintiff by paying the plaintiff's judgment against BARLING to the plaintiff's satisfaction. The only controversy remaining in the case is the cross-claim by FOREMOST against BARLING and the cross-claim by BARLING against FOREMOST.

6. The allegations in FOREMOST's cross-claim reproduced above are contradicted by its act of settling and paying the judgment against BARLING by the plaintiff. Effectively, the settlement is an acknowledgment that the "damages alleged in the complaint are *[not]* excluded under the subject policy of insurance." "There *is*…coverage under the subject policy of insurance as it had been cancelled prior to the date of loss." The plaintiff has received payment from the defendant FOREMOST, in full satisfaction of her judgment without the cooperation or participation of BARLING. FOREMOST's cross-claim fails as a cause of action against BARLING.

7. In its recent letter to the court, counsel for FOREMOST states that BARLING's

"…cross-claim in this action only asserts a claim to recover legal fees and expenses incurred in

the underlying action." The wording of the relief sought in the BARLING cross-claim (**Exhibit**

**A)** was, in fact, much broader:

> A. The rights of the Defendant CHARLES BARLING with respect to liability coverage to FOREMOST's Insurance Policy No. 381-006673-5073-04;
> B. Declaring that Defendant FOREMOST provide Defendant CHARLES BARLING, with respect to said Policy No. 381-006673-5073-04, indemnification under said policy in the prior action concluded in favor of Plaintiff;
> C. That the Court declare all other rights and obligations with respect to all the parties hereto relative to FOREMOST's Insurance Policy No. 381-006673-5073-04, or any such policies or provisions applicable to Plaintiffs incident; and
> D. For such other and further relief as may be justified under the circumstances, including counsel fees, and the costs and disbursements of this action

8. The defendant, FOREMOST, sought no more definite statement, nor did they make

any specific discovery request. Nevertheless, during negotiations with counsel for FOREMOST,

I frequently address the specific issue of FOREMOST's bad faith, stating on June 4, 2019:

> Again, this does not include any compensation for what may be regarded as bad faith on the part of Foremost in failing to defend Mr. Barling in the litigation brought by Ms. Perez and the consequential damages that Mr. Barling suffered as a result of the costs of defending that action which forced him to liquidate his rental properties in Buffalo which properties were sold for significantly less than market value.

On June 17, 2019, I wrote to counsel saying:

> As I indicated, this does not include any compensation for what may be regarded as bad faith on the part of Foremost in failing to defend Mr. Barling in the litigation brought by Ms. Perez and the consequential damages that Mr. Barling suffered as a result of the costs of defending that action which forced him to liquidate his rental properties in Buffalo. They were sold for significantly less than market value. His estimated loss as a result was $20,000, bringing the total necessary to make Mr. Barling whole to be $84,857.46. We would consider this claim resolved upon payment of that figure.

On June 24, 2019, I wrote to counsel saying:

> As I indicated, this does not include any compensation for what may be regarded

as bad faith on the part of Foremost in failing to defend Mr. Bailing in the litigation brought by Ms. Perez and the consequential damages that Mr. Bailing suffered as a result of the costs of defending that action which forced him to liquidate his five rental properties in Buffalo. They were sold for significantly less than market value, and his estimated loss as a result was between $50,000 and $75,000 bringing the total necessary to make Mr. Barling whole to be at least $114,857.46. We would consider this claim resolved upon payment of that figure.

On September 27, 2019, I wrote to counsel saying:

As I indicated in my previous letter, my client is entitled to compensation for Foremost's bad faith in failing to defend Mr. Bailing in the litigation brought by Ms. Perez and the consequential damages that Mr. Bailing suffered as a result of the costs of defending that action which forced him to liquidate his five rental properties in Buffalo. They were sold for significantly less than market value, and his estimated loss as a result was between $50,000 and $75,000.  You have been dismissive of these costs, regarding them as "speculative."  In response, I would call your attention to *Bi-Economy v. Harleysville,* 10 N.Y.3d 187 [2008] which has been applied in federal court.  *Sikarevich Family LP v. Nationwide Mut. Ins. Co.,* 30 F. Supp. 3d 166 [Dist. Court, ED NY 2014].

9. In addition to the letters, I submitted an itemized list of expenses and attorneys fees.  I have also prepared and submitted to counsel a Rule 26 Disclosure, attached as **Exhibit D**, which includes a Calculation of Damages.

10.  The developments in this case since its inception have altered the issues to be considered by the court, and I request that the court reconsider the dates in the current scheduling order.

DATED:  November 25, 2019

DENIS A. KITCHEN

**EXHIBIT A**

FILED: ERIE COUNTY CLERK 11/02/2017 03:17 PM
NYSCEF DOC. NO.
Case 1:17-cv-00997-HKS   Document 24   Filed 11/27/19   Page 8 of 33
Case 1:17-cv-00997-WMS-HKS   Document 15   Filed 06/19/18   Page 1 of 7
INDEX NO. 812688/2017
RECEIVED NYSCEF: 11/02/2017

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

MICHELY J. PEREZ

                Plaintiff

   -v-

FOREMOST INSURANCE COMPANY
CHARLES BARLING

                Defendant

                           ANSWER
                AND CROSS-CLAIM

     Index No. 812688/2017

---

Defendant, CHARLES BARLING, by attorney DENIS A. KITCHEN, ESQ., in answer to the Plaintiff's complaint and as a cross-claim against FOREMOST INSURANCE COMPANY, alleges:

1. Admits the allegations contained in paragraphs SECOND, THIRD, FOURTH, FIFTH, SEVENTH, EIGHTH, NINTH, TENTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH of the complaint.

2. Denies knowledge or information sufficient to affirm or deny the allegations contained in paragraphs FIRST AND FIFTEENTH of the complaint.

3. Denies the allegations contained in paragraphs SIXTH of the complaint.

FOR A FIRST AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

4. That the complaint fails to state a cause of action against Defendant CHARLES BARLING.

FOR A SECOND AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

5. That this defendant denies any responsibility on his part, but if such liability is established, then such liability will be insufficient to impose liability upon this Defendant for more than his proportionate share.

FOR A THIRD AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

6. Should plaintiff be entitled to recover for damages that have been alleged in the complaint, any such recovery must be reduced to the extent that plaintiff failed to mitigate, minimize, or avoid the alleged damages.

FOR A FOURTH AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

7. In the event that the plaintiff recovers damages which have been paid and are payable by a collateral source, this Defendant will seek to offset such damages pursuant to Article 45 of the CPLR.

FOR A CROSS CLAIM OF AGAINST DEFENDANT FOREMOST INSURANCE

COMPANY, DEFENDANT CHARLES BARLING ALLEGES:

8. This Defendant repeats and re-alleges all of the allegations made heretofore within.

9. In the year 2009, defendant CHARLES BARLING was the owner of premises commonly known as 8 Garner Avenue in the City of Buffalo, County of Erie and State of New York.

10. At all times hereinafter mentioned, defendant FOREMOST INSURANCE COMPANY (hereinafter "FOREMOST") is a foreign corporation duly licensed to trandsact business in the State of New York and did regularly issue policies of insurance within the State of New York.

11. Prior to September 24, 2009, Defendant, CHARLES BARLING, was the owner and holder of title to certain premises commonly known as 8 Garner Avenue, in the City of Buffalo, County of Erie, and State of New York.

12. Prior to September 24, 2009, Defendant, FOREMOST, issued a policy of insurance, which in part, provided liability insurance to the named insured, CHARLES BARLING, covering

FILED: ERIE COUNTY CLERK 11/02/2017 03:17 PM INDEX NO. 812688/2017
NYSCEF DOC. NO. Case 1:17-cv-00997-WMS-HKS Document 15 Filed 06/19/18 Page 3 of 7 RECEIVED NYSCEF: 11/02/2017
Case 1:17-cv-00997-HKS Document 24 Filed 11/27/19 Page 10 of 33

the premises at 8 Garner Avenue, Buffalo, New York. Annexed hereto as Exhibit "A" is a copy of the Declaration's Page for Policy No. 381-006673-5073-04, issued by FOREMOST, relative to 8 Garner Avenue, which policy was in full force and effect on September 24, 2009.

13. On or before September 24, 2009, Plaintiff, MICHELY J. PEREZ, then an infant of 12 years of age, resided at 8 Garner Avenue, in the City of Buffalo.

14. On or about September 24, 2009, an alleged incident occurred at 8 Garner Avenue in the City of Buffalo that gave rise to a claim against Defendant CHARLES BARLING by the Plaintiff herein for injuries the Plaintiff claimed occurred as a result of a slip and fall due to the negligence of Defendant CHARLES BARLING.

15. Defendant, FOREMOST, was given due notice of the circumstances of Plaintiff's incident of September 24, 2009 and that a claim sounding in negligence was being asserted against Defendant, CHARLES BARLING.

16. Based on the aforesaid incident, Plaintiff commenced an action on January 4, 2011, in Supreme Court, Erie County, Index No. 1-201 1-19 (main action) against CHARLES BARLING seeking damages for personal injuries sustained by Plaintiff, MICHELY J. PEREZ, which action was tried before the Hon. Thomas P. Franczyk, Acting Justice of the Supreme Court, resulting in a Decision and Verdict awarding damages to Plaintiff, MICHELY J. PEREZ, and a Judgment was filed in the Office on June 20, 2017, of the Erie County Clerk against CHARLES BARLING, in the amount of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), with costs and disbursements in the amount of ONE THOUSAND NINE HUNDRED FIFTY ONE DOLLARS AND .50/100 ($1,951.50) as taxed.

17. More than 60 days have elapsed since the filing of Plaintiff's total Judgment in the sum of Seventy Six Thousand Nine Hundred Fifty One Dollars and .50/100 ($76,951.50), with

FILED: ERIE COUNTY CLERK 11/02/2017 03:17 PM
NYSCEF DOC. NO. 1

Case 1:17-cv-00997-HKS Document 24 Filed 11/27/19 Page 11 of 33
Case 1:17-cv-00997-WMS-HKS Document 15 Filed 06/19/18 Page 4 of 7

INDEX NO. 812688/2017
RECEIVED NYSCEF: 11/02/2017

interest, to be awarded at 9 percent per annum from May 26, 2017 and said Judgment remains unsatisfied.

18. The Defendant, CHARLES BARLING, incurred legal fees and expenses in the defense of the claim and legal action by MICHELY J. PEREZ that resulted in the aforesaid Judgment in favor of the Plaintiff and legal fees and expenses in the appeal from said Judgment as well as legal fees and expenses in the defense of the action by the Plaintiff herein.

19. Pursuant to the terms of Defendant, FOREMOST's Insurance Policy No. 381-006673-5073-04, FOREMOST is obligated to indemnify CHARLES BARLING for the said Judgment in favor of the Plaintiff and legal fees and expenses in the appeal from said Judgment as well as legal fees and expenses in the defense of the action by the Plaintiff herein.

20. FOREMOST's decision to decline liability coverage to Defendant CHARLES BARLING, and its failure to indemnify him is wrongful, and contrary to the provisions of the subject Policy and of the laws of the State of New York.

21. Defendant CHARLES BARLING has no adequate remedy at law and no appropriate means other than this action for Declaratory Judgment for a determination of the respective rights and obligations of the parties relative to FOREMOST's Insurance Policy No. 381 006673-5073-04 for satisfaction of the underlying Judgment against Defendant CHARLES BARLING, plus interest and costs, and for payment of legal fees and expenses in the defense of the claim and legal action brought by Plaintiff, MICHELY J. PEREZ.

WHEREFORE, the Defendant CHARLES BARLING demands Judgment against the Plaintiff dismissing the Plaintiff's Complaint, and further demands Judgment against Defendant, FOREMOST declaring:

FILED: ERIE COUNTY CLERK 11/02/2017 03:17 PM    INDEX NO. 812688/2017
NYSCEF DOC. NO.   Case 1:17-cv-00997-WMS-HKS   Document 15   Filed 06/19/18   Page 5 of 7   RECEIVED NYSCEF: 11/02/2017

Case 1:17-cv-00997-HKS   Document 24   Filed 11/27/19   Page 12 of 33

A. The rights of the Defendant CHARLES BARLING with respect to liability coverage to

FOREMOST's Insurance Policy No. 381-006673-5073-04;

B. Declaring that Defendant FOREMOST provide Defendant CHARLES BARLING,

with respect to said Policy No. 381-006673-5073-04, indemnification under said policy in the

prior action concluded in favor of Plaintiff;

C. That the Court declare all other rights and obligations with respect to all the parties

hereto relative to FOREMOST's Insurance Policy No. 381-006673-5073-04, or any such policies

or provisions applicable to Plaintiff's incident; and

D. For such other and further relief as may be justified under the circumstances, including

counsel fees, and the costs and disbursements of this action

Dated:  November 2, 2017

_____

DENIS A. KITCHEN, ESQ.
Attorney for Defendant Charles Barling
8899 Main Street
Williamsville, New York  14221
(716) 631-5661

INDEX NO. 812688/2017

RECEIVED NYSCEF: 11/02/2017

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK
COUNTY OF ERIE

I, the undersigned, an attorney admitted to practice in the courts of New York State, affirm under the penalties of perjury that I am an attorney of record for CHARLES BARLING, a Defendant in the within action. I have read and know the contents of the attached Answer with Cross-Claim. The contents are true to my knowledge except as to matters alleged on information and belief, and as to those matters I believe them to be true. The reason this verification is not made by the Defendant CHARLES BARLING is that the said Defendant does not presently reside in the county of Erie. The grounds of my belief as to all matters not stated upon my knowledge are: conversations and discussions with plaintiff supported by documentary evidence.

DATED: November 2, 2017

DENIS A. KITCHEN

FILED: ERIE COUNTY CLERK 11/02/2017 03:17 PM INDEX NO. 812688/2017
NYSCEF DOC. NO. Case 1:17-cv-00997-WMS-HKS Document 15 Filed 06/19/18 Page 2 of 7 RECEIVED NYSCEF: 11/02/2017

Case 1:17-cv-00997-HKS Document 24 Filed 11/27/19 Page 14 of 33



## FOREMOST® INSURANCE COMPANY

Home Office
5600 Beech Tree Lane
P.O. Box 2450
Caledonia, Michigan 49316

**FOREMOST BASICS™**
**DECLARATIONS PAGE**

AMENDED DECLARATION * EFFECTIVE 08/11/09
SUPERSEDES ANY PREVIOUS DECLARATION PAGE BEARING
THE SAME POLICY NUMBER FOR THIS POLICY PERIOD.
REASONS FOR CHANGE FOLLOW:
– INFORMATION REGARDING A MORTGAGEE WAS CHANGED

**POLICY NUMBER:** 381-0066735073-04
**RENEWAL OF:**
**POLICY PERIOD BEGINNING** 08/11/09   **ENDING** 08/11/10   12:01 A.M. STANDARD TIME

### YOU AS NAMED INSURED AND YOUR ADDRESS

CHARLES BARLING
12242 MAYPOLE DR
GARDEN GROVE CA 92840-3914

### YOUR POLICY IS SERVICED BY

MICHAEL J GALLEGO
INSURANCE INTERMEDIARIES INC
2075 ABBOTT RD
LACKAWANNA NY 14218-3646

**AGENCY CODE:**
319900292

**TELEPHONE:**
(716) 826-0532

**COVERAGES:** Coverage is provided only where an Amount of Insurance or a Limit of Liability is shown and a premium is stated for the Peril Insured Against. Detailed descriptions and any limitations will be found in your policy.

### LOCATION # 1

### IMPORTANT RATING INFORMATION

| | | | | |
|---|---|---|---|---|
| PREMISES DESCRIPTION: | 8 GARNER AVE FRONT BUFFALO NY 14213-1130 | | | |
| CONSTRUCTION: | FRAME | TERRITORY: | B | YR. BUILT: 1956 |
| FAMILIES: | 2 | PROT. CLASS: | 3 | FORM: DF1 |
| OCCUPANCY: | RENTAL | RESP. FIRE DEPT.: | BUFFALO | |
| HYDRANT: | WITHIN 1,000 FEET | COUNTY: | ERIE | |
| FIRE DEPT.: | WITHIN 5 MILES | | | |

### MORTGAGEE #1

**LOAN NO.:** 1008149187
INDYMAC MORT SVS A DIV OF ONE
WEST BK FSB/ ISAOA
PO BOX 2971
PHOENIX AZ 85062-2971

| SECTION I COVERAGES | AMOUNT OF INSURANCE | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|
| A. DWELLING | $ 40,000 | | $ 241.00 |

Policy Number: 381-0066735073-04
Form 80000 04/93
381-0066735073

INSURED COPY
7 of 7

**EXHIBIT B**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHELY J. PEREZ
     Plaintiff

  --v-

FOREMOST INSURANCE COMPANY
CHARLES BARLING
     Defendant

17-CV-997S(Sr)

AMENDED ANSWER
AND CROSS-CLAIM

_____

   Defendant, CHARLES BARLING, by attorney DENIS A. KITCHEN, ESQ., in answer to the Plaintiffs complaint and as a cross-claim against FOREMOST INSURANCE COMPANY, alleges:

   1. Admits the allegations contained in paragraphs SECOND, THIRD, FOURTH, FIFTH, SEVENTH, EIGHTH, NINTH, TENTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH of the complaint.

   2. Denies knowledge or information sufficient to affirm or deny the allegations contained in paragraphs FIRST AND FIFTEENTH of the complaint.

   3. Denies the allegations contained in paragraphs SIXTH of the complaint.

   FOR A FIRST AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

   4. That the complaint fails to state a cause of action against Defendant CHARLES BARLING.

   FOR A SECOND AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

   5. That this defendant denies any responsibility on his part, but if such liability is established, then such liability will be insufficient to impose liability upon this Defendant for more than his proportionate share.

   FOR A THIRD AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

6. Should plaintiff be entitled to recover for damages that have been alleged in the complaint, any such recovery must be reduced to the extent that plaintiff failed to mitigate, minimize, or avoid the alleged damages.

FOR A FOURTH AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

7. In the event that the plaintiff recovers damages which have been paid and are payable by a collateral source, this Defendant will seek to offset such damages pursuant to Article 45 of the CPLR.

FOR A CROSS CLAIM OF AGAINST DEFENDANT FOREMOST INSURANCE

COMPANY, DEFENDANT CHARLES BARLING ALLEGES:

8. This Defendant repeats and re-alleges all of the allegations made heretofore within.

9. In the year 2009, defendant CHARLES BARLING was the owner of premises commonly known as 8 Garner Avenue in the City of Buffalo, County of Erie and State of New York.

10. At all times hereinafter mentioned, defendant FOREMOST INSURANCE COMPANY (hereinafter "FOREMOST") is a foreign corporation duly licensed to transact business in the State of New York and did regularly issue policies of insurance within the State of New York.

11. Prior to September 24, 2009, Defendant, CHARLES BARLING, was the owner and holder of title to certain premises commonly known as 8 Garner Avenue, in the City of Buffalo, County of Erie, and State of New York.

12. Prior to September 24, 2009, Defendant, FOREMOST, issued a policy of insurance, which in part, provided liability insurance to the named insured, CHARLES BARLING, covering the premises at 8 Garner Avenue, Buffalo, New York. Annexed hereto as Exhibit "A" is a copy

of the Declaration's Page for Policy No. 381-006673-5073-04, issued by FOREMOST, relative to

8 Gamer Avenue, which policy was in full force and effect on September 24, 2009.

13. On or before September 24, 2009, Plaintiff, MICHELY J. PEREZ, then an infant of

12 years of age, resided at 8 Gamer Avenue, in the City of Buffalo.

14. On or about September 24, 2009, an alleged incident occurred at 8 Gamer Avenue in

the City of Buffalo that gave rise to a claim against Defendant CHARLES BARLING by the

Plaintiff herein for injuries the Plaintiff claimed occurred as a result of a slip and fall due to the

negligence of Defendant CHARLES BARLING.

15. Defendant, FOREMOST, was given due notice of the circumstances of Plaintiffs

incident of September 24, 2009 and that a claim sounding in negligence was being asserted

against Defendant, CHARLES BARLING.

16. Based on the aforesaid incident, Plaintiff commenced an action on January 4, 2011, in

Supreme Court, Erie County, Index No. 1-201 1-19 (main action) against CHARLES BARLING

seeking damages for personal injuries sustained by Plaintiff, MICHELY J. PEREZ, which action

was tried before the Hon. Thomas P. Franczyk, Acting Justice of the Supreme Court, resulting in

a Decision and Verdict awarding damages to Plaintiff, MICHELY J. PEREZ, and a Judgment

was filed in the Office on June 20, 2017, of the Erie County Clerk against CHARLES

BARLING, in the amount of SEVENTY FIVE THOUSAND DOLLARS ( 75,000.00), with costs

and disbursements in the amount of ONE THOUSAND NINE HUNDRED FIFTY ONE

DOLLARS AND .50/100 ($1,951.50) as taxed.

17. More than 60 days have elapsed since the filing of Plaintiffs total Judgment in the

sum of Seventy Six Thousand Nine Hundred Fifty One Dollars and .50/100 ($76,951.50), with

interest, to be awarded at 9 percent per annum from May 26, 2017 and said Judgment remains

unsatisfied.

18. The Defendant, CHARLES BARLING, incurred legal fees and expenses in the defense of the claim and legal action by MICHELY J. PEREZ that resulted in the aforesaid Judgment in favor of the Plaintiff and legal fees and expenses in the appeal from said Judgment as well as legal fees and expenses in the defense of the action by the Plaintiff herein.

19. Pursuant to the terms of Defendant, FOREMOST's Insurance Policy No. 381-006673-5073-04, FOREMOST is obligated to indemnify CHARLES BARL1NG for the said Judgment in favor of the Plaintiff and legal fees and expenses in the appeal from said Judgment as well as legal fees and expenses in the defense of the action by the Plaintiff herein.

20. FOREMOST's decision to decline liability coverage to Defendant CHARLES BARLING, and its failure to indemnify him is wrongful and constitutes bad faith, a gross disregard of Mr. Barling's interest, and a gross and wanton fraud upon the public, all contrary to the provisions of the subject Policy and of the laws of the State of New York,

21. To the extent that Defendant CHARLES BARLING has no adequate remedy at law and no appropriate means other than this action for Declaratory Judgment, said Defendant seeks a determination of the respective rights and obligations of the parties relative to FOREMOST's Insurance Policy No. 381-006673-5073-04 for satisfaction of the underlying Judgment against Defendant CHARLES BARLING.

22.  To the extent that Defendant CHARLES BARLING is entitled to a remedy at law, said Defendant seeks judgment against FOREMOST for payment of legal fees and expenses in the defense of the claim and legal action brought by Plaintiff, MICHELY J. PEREZ, and for payment of financial losses incurred by BARLING as the result of forced sales of real property in Erie County, New York at less than full market value, and for payment of punitive damages for

its gross and wanton fraud upon the public, plus interest and costs.

WHEREFORE, the Defendant CHARLES BARLING demands Judgment against the Plaintiff dismissing the Plaintiff's Complaint, and further demands Judgment against Defendant, FOREMOST declaring:

A. The rights of the Defendant CHARLES BARLING with respect to liability coverage to FOREMOST's Insurance Policy No. 381-006673-5073-04;

B. Declaring that Defendant FOREMOST provide Defendant CHARLES BARLING, with respect to said Policy No. 381-006673-5073-04, indemnification under said policy in the prior action concluded in favor of Plaintiff;

C. That the Court declare all other rights and obligations with respect to all the parties hereto relative to FOREMOST's Insurance Policy No. 381-006673-5073-04, or any such policies or provisions applicable to Plaintiffs incident;

D. Judgment against FOREMOST for payment of legal fees and expenses in the defense of the claim and legal action brought by Plaintiff, MICHELY J. PEREZ, and for payment of financial losses incurred by BARLING as the result of forced sales of real property in Erie County, New York at less than full market value, and for payment of punitive damages for its gross and wanton fraud upon the public, plus interest and costs.

E. For such other and further relief as may be justified under the circumstances, including counsel fees, and the costs and disbursements of this action

Dated: November 25, 2017

DENIS A. KITCHEN, ESQ.
Attorney for Defendant Charles Barling
8899 Main Street Williamsville, New York
14221 (716) 631-5661

ATTORNEY'S AFFIRMATION STATE OF NEW YORK COUNTY OF ERIE

     I, the undersigned, an attorney admitted to practice in the courts of New York State, affirm under the penalties ofperjury that I am an attorney of record for CHARLES BARLING, a Defendant in the within action. I have read and know the contents of the attached Answer with Cross-Claim. The contents are true to my knowledge except as to matters alleged on information and belief, and as to those matters I believe them to be true. The reason this verification is not made by the Defendant CHARLES BARLING is that the said Defendant does not presently reside in the county of Erie. The grounds of my belief as to all matters not stated upon my knowledge are: conversations and discussions with plaintiff supported by documentary evidence.

DATED: November 25, 2017

                                      DENIS A. KITCHEN, ESQ.
                                      Attorney for Defendant Charles Barling
                                      8899 Main Street Williamsville, New York
                                      14221 (716) 631-5661

**EXHIBIT C**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHELY J. PEREZ,

                    Plaintiff,

       v.

FOREMOST INSURANCE COMPANY and
CHARLES BARLING,

                Defendants.

_____

Docket No.:  17-cv-00997

## ANSWER TO CROSS-CLAIM OF
## <u>DEFENDANT CHARLES BARLING</u>

      The defendant, Foremost Insurance Company Grand Rapids, Michigan, sued incorrectly as Foremost Insurance Company, by its attorneys, Rupp Baase Pfalzgraf Cunningham LLC, as and for its answer to co-defendant Charles Barling's cross-claim, alleges upon information and belief as follows:

      1.      Admits the allegations contained in paragraph 10 of the cross-claim, and those same allegations as repeated and re-alleged therein.

      2.      Denies each and every allegation contained in paragraphs 12, 19, and 20 of the cross-claim, and those same allegations as repeated and re-alleged therein.

3.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8, 9, 11, 13, 14, 15, 16, 17, 18, and 21 of the cross-claim, and those same allegations as repeated and re-alleged therein.

4.      Denies each and every allegation in the cross-claim not previously admitted, denied, or otherwise controverted.

## FIRST AFFIRMATIVE DEFENSE

5.      The cross-claim fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

6.      The defendant incorporates by reference all other defenses and cross-claims raised in its answer to the complaint in this matter.

WHEREFORE, the defendant demands judgment dismissing the complaint and cross-claim, together with the costs and disbursements of this action and such other and further relief as the court deems just and proper.

Dated: June 20, 2018
      Buffalo, New York

          **Rupp Baase Pfalzgraf Cunningham LLC**
          *Attorneys for Defendant, Foremost Insurance*
          *Company Grand Rapids, Michigan, sued*
          *incorrectly as Foremost Insurance Company*

      By:_____
          Cory J. Weber
          1600 Liberty Building
          Buffalo, New York 14202
          (716) 854-3400

TO:    **Denis A. Kitchen, Esq.**
       *Attorneys for Defendant, Charles Barling*
       8899 Main Street
       Williamsville, New York 14221
       (716) 631-5661

CC:    **Martin J. Zuffranieri, Esq.**
       *Attorneys for Plaintiff*
       6024 Main Street
       Williamsville, New York 14221
       (716) 565-6050

**EXHIBIT D**

UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

MICHELY J. PEREZ,

                    Plaintiff

    v.

FOREMOST INSURANCE COMPANY and
CHARLES BARLING,

                    Defendants.                17-CV-997S(Sr)

---

## RULE 26 INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26, Defendant BARLING makes the following initial disclosures:

1. Names and Contact Information of Witnesses (Fed. R. Civ. P. 26(a)(1)(A))

The following persons are likely to have discoverable information this Defendant may use to support his claims or defenses:

Charles Barling
12242 Maypole Drive
Garden Grove, California 92840

Diane Strawbrich
Licensed RE Broker Associate
Century 21 Balesteri RE
1705 Hertel Avenue
Buffalo, NY 14216

Richard P. Rosso
Attorney and Counselor at Law
722 Colvin Avenue
Kenmore. New York 14217

Plaintiff reserves the right to update this list as additional documents and information are produced by the parties, and as discovery continues in this case.

2. Documents and Things in Its Possession (Fed. R. Civ. P. 26(a)(1)(B))

    Email correspondence with real estate listings and closing statements

2. Computation of damages (Fed. R. Civ. P. 26(a)(1)(C))

The defendant BARLING is seeking damages based upon the legal fees and expenses incurred by him in defending the actions brought by the plaintiff including the initial action based on premises liability as well as the above entitled action against both BARLING and FOREMOST. Attached are the calculations of fees and expenses to date.  In addition, BARLING is entitled to interest on the unpaid sums that FOREMOST was contractually obligated to pay to or on behalf of BARLING. In addition, BARLING suffered financial injury by reason of FOREMOST's refusal to honor its contractual obligation to defend as well as indemnify BARLING which resulted in BARLING's forced expenditure of funds to defend both actions which expense required BARLING to liquidate his real estate holdings in the State of New York in order raise cash needed for such expense and also in order to eliminate property that would be immediately subject to lien and execution by the plaintiff after recovery of her judgment. A calculation and summary of damages is attached.

3. Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(D)) The only insurance agreement pertinent to the case is the policy of insurance between BARLING and FOREMOST which is the subject of this litigation.

Plaintiff is not aware of any other insurance agreements that may be liable to satisfy part or all of a judgment that may be entered in the action to indemnify or reimburse for payments made to satisfy the judgment.

Dated: November 25, 2019

DENIS A. KITCHEN, ESQ.
Attorney for Charles Barling
8899 Main Street
Williamsville, New York  14221
631-5661

TO: Rupp Baase Pfalzgraf Cunningham LLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHELY J. PEREZ,

                    Plaintiff

        v.

FOREMOST INSURANCE COMPANY and
CHARLES BARLING,

                    Defendants.                                    17-CV-997S(Sr)

_____


# CALCULATION OF DAMAGES
### November 19, 2019

**CHARLES BARLING**
Accounting of Charges and Payments

Legal Services by D. Kitchen

Invoice Date
| | | |
|---|---|---|
| August 8, 2011 | February 22, 2011–August 3, 2011 | $   980.00 |
| August 15, 2016 | October 31, 2011–August 11, 2016 | 4,700.00 |
| March 18, 2019 | July 25, 2016–April 17, 2017* | 1,260.00 |
| May 10, 2017 | August 17, 2016–May 5, 2017 | 9,860.00 |
| July 9, 2018 | July 12, 2017–June 25, 2018 | 10,100.50 |
| February 28, 2019 | September 12, 2018–January 31, 2019 | 1,875.00 |
| November 19, 2019 | March 18, 2019–November 19, 2019 | 2,975.00 |

$31,750.50

*time records mislabeled and billed later

Expenses paid by D. Kitchen

| | | |
|---|---|---|
| August 9, 2016 | WNY MRI - records | $   34.65 |
| August 22, 2016 | Pinnicle Orthopedics-records | 20.00 |
| August 30, 2016 | Erie County Clerk - motion fee | 45.00 |
| September 26, 2016 | Dr. Sherry Witham-Leitch | 1,000.00 |
| September 27, 2016 | Kaleida Health Records | 13.00 |
| November 2, 2016 | Dr. Sherry Witham-Leitch | 1,800.00 |
| July 21, 2017 | Notice of Appeal filing fee | 67.50 |
| October 18, 2017 | Appellate Division Motion Fee | 45.00 |
| December 22, 2017 | Stenographic Transcript (1) | 500.00 |
| January 8, 2018 | Stenographic Transcript (2) | 550.00 |
| January 13, 2018 | Appellate Division Motion Fee | 45.00 |
| February 19, 2018 | Printing of Original Record | 45.00 |
| February 22, 2018 | Printing of Appellant's Brief | 90.00 |
| February 22, 2018 | Fed Ex Record & Brief to Court | 30.00 |
| February 22, 2018 | Fed Ex Office - Printing | 499.00 |
| February 22, 2018 | Appellate Division Filing Fee | 315.00 |

Total   $   5,099.15

November 19, 2019

Expenses Paid Directly by Charles Barling

| | |
|---|---:|
| Travel California to Buffalo, New York in 2013 for Deposition | $ 396.75 |
| Hotel Expense in Buffalo, New York in 2013 for Deposition | 100.00 |
| Meals in Buffalo, New York in 2013 for Deposition | 100.00 |
| Rental Car Expense in Buffalo, New York in 2013 for Deposition | 100.00 |
| Travel California to Buffalo New York in 2017 for Trial | 400.00 |
| Hotel Expense in Buffalo New York in 2017 for Trial (5 nights) | 445.50 |
| Meals in Buffalo, New York in 2017 for Trial | 300.00 |
| Rental Car Expense in Buffalo, New York in 2017 for Trial | 300.00 |
| Vincent Panzarella, Licensed Private Investigator | 500.00 |
| Dr. Sherry Witham-Leitch, fee for trial testimony | 7,000.00 |
| | $ 9,642.25 |

TOTAL FEES & EXPENSES            $ 46,516.90

Interest on the above expenses (Average of 3.5 years at 9%)     $   14,645.95

TOTAL with INTEREST            $   60,162.85

November 19, 2019

**PROPERTIES OWNED BY CHARLES BARLING**

| Address | Value | Sale Price | Loss |
|---|---|---|---|
| 8 Garner Street, Buffalo | $69,900 | $50,000 | $19,900 |
| 10 Garner Street, Buffalo | $69,900 | $49,500 | $20,400 |
| 491 Winslow Street, Buffalo | $39,900 | $32,000 | $ 7,900 |
| 220 Northampton Street, Buffalo | $44,900 | $32,000 | $12,900 |
| | | Total Loss | $61,100 |

## SUMMARY OF DAMAGES

Legal Services                $31,750.50

Expenses Advanced          $  5,099.15

Expenses Paid by client      $  9,642.25


TOTAL FEES & EXPENSES                    $ 46,516.90


Interest on the above expenses
        (Average of 3.5 years at 9%)       $   14,645.95

Total with Interest                        $  60,162.85

Loss Due to Forced Sale of Property        $  61,100.00
                                           _____

                                           $  121,262.85


November 19, 2019