**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MICHELY J. PEREZ,**

                                **Plaintiff,**

**v.**

                                                        **17-CV-997(HKS)**

**FOREMOST INSURANCE COMPANY, and**
**CHARLES BARLING,**

                                **Defendants.**

_____

## DECISION AND ORDER

        The parties have consented to the undersigned to conduct all proceedings in

this case including trial, the entry of final judgment, and all post-trial proceedings.  Dkt. No.

30.  Currently before this Court is Defendant Charles Barling's Motion to Amend/Correct

his Answer and Cross-Claim and for Partial Summary Judgment.  Dkt. No. 24.  I heard oral

argument on this motion on January 24, 2020, and reserved judgment at that time.  For the

reasons that follow, Barlow's motion is DENIED in its entirety.

## FACTS[1]

        Plaintiff Michely J. Perez ("Perez") brought this action to enforce a judgment

she was awarded in New York State Supreme Court, Erie County, for injuries she

sustained on Defendant Charles Barling's ("Barling") property at 8 Garner Street in Buffalo,

New York.  Dkt. No. 26-1, p. 2.  Perez commenced the underlying personal injury action on

_____

[1] The following facts are taken from the Complaint (Dkt. No. 1, pp. 3-10), the parties' respective answers and cross-claims (Dkt. Nos. 15, 16, 17), Defendant Charles Barling's Motion to Amend (Dkt. No. 24), and Defendant Foremost Insurance Company's Response in Opposition (Dkt. No. 26).

1

January 4, 2011, and was awarded $75,000, after a bench trial during which Foremost Insurance Company ("Foremost"), the insurer of Barling's property, declined to defend him. Dkt. No. 26, p. 3.  Judgment was entered against Barling in the Erie County Clerk's Office for $76,951, consisting of the verdict and costs and disbursements, on June 20, 2017. Dkt. No. 26, p. 3.

On September 7, 2017, Perez commenced this action seeking to compel Foremost to indemnify Barling in the underlying action and pay the judgment.  Dkt. No. 26-1.  Foremost removed the action to federal court based on diversity jurisdiction on October 3, 2017 (Dkt. No. 26, p. 9), and Perez moved unsuccessfully to remand the case to New York State Supreme Court.  Dkt. Nos. 7, 14.  On October 4, 2017, Foremost filed its answer with a cross-claim against Barling, for "negligence, carelessness, fault or statutory violations" in maintaining 8 Garner Avenue, the property on which Perez was injured.  Dkt. No. 4, p. 3.  Barling thereafter answered the Complaint, asserting a cross-claim against Foremost based on its wrongful failure to indemnify him, and seeking damages in the amount of the judgment, plus his legal fees and expenses.  Dkt. Nos. 15.  On August 14, 2018, this Court issued a Case Management Order setting deadlines to serve Rule 26 disclosures (October 31, 2018) and to join parties or amend the pleadings (November 30, 2018).  Dkt. No. 20.

In February 2019, Foremost negotiated a pretrial settlement of Perez' claim, leaving only Barling's cross claim against Foremost.  Dkt. No. 26, p. 5.  Between January 2019 and October 2019, Barling and Foremost attempted unsuccessfully to negotiate a settlement.  Dkt. No. 26, p. 5.  Barling thereafter attempted to serve untimely Rule 26 disclosures, in which he identified four Buffalo, New York properties that he was allegedly

2

forced to sell at a loss to pay for his defense in the underlying personal injury action.  Dkt. No. 24, p. 32; Dkt. No. 26, p. 7.  This list included 8 Garner Street, the property at which Perez was injured.  Dkt. No. 24, p. 32.  Deeds for three of the properties show that Barling sold them in 2015.  Dkt. No. 26, p. 7; Dkt. No. 26-2, pp. 49-60.  Deeds and other public records relating to the fourth property identified by Barling, 491 Winslow Street, reflect that Barling never owned the property.  Dkt. No. 26, p. 7; Dkt. No. 26-2, pp. 62-77.

On November 25, 2019, Barling filed the instant motion to amend his answer to add a new cross-claim based on Foremost's "bad faith" failure to indemnify him and to recover compensatory damages for his alleged losses he sustained on the "forced sales of real property."  Dkt. No. 24.  Barling also moves for partial summary judgment on Foremost's cross-claim, citing to the fact that Foremost settled this case with Perez and paid the judgment, as proof that Foremost was obligated to defend and indemnify him in the underlying personal injury action.

## DISCUSSION AND ANALYSIS

<u>Motion to Amend</u>

A decision to grant or deny a motion to amend is within the sound discretion of the trial court.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir. 1994).  Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely" granted "when justice so requires."  Fed.R.Civ.P. 15(a)(2).  Because this Court has already entered a scheduling order and the deadline for amending the pleadings has passed, "the lenient standard of Rule 15(a) is toughened by Rule 16's higher standard under which the party seeking to amend must also demonstrate good cause for an untimely amendment."

*Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (citing *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009)); *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 103 (S.D.N.Y. 2003); Fed.R.Civ.P. 16(b)(4) (emphasis added).

Foremost opposes Barling's motion to amend on the basis that it is untimely and Barling failed to offer any good cause to modify the deadlines in the Case Management Order, and because amendment would be futile.  Dkt. No. 26, pp. 7-8.  This Court will discuss each of these arguments in turn.

Undue Delay/Good Cause

Foremost contends that Barling's allegations of bad faith and consequential damages are untimely and that he has failed to offer any "good cause" explanation for his delay in making them.  The Second Circuit Court of Appeals has repeatedly held that "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339 (2d Cir. 2000).  "Simply alleging that [a] plaintiff could have moved to amend earlier than [he or] she did, however, is insufficient to demonstrate undue delay."  *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452-53 (S.D.N.Y. 2016) (citing cases); *see also Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514, 2010 WL 445192, at *11 (S.D.N.Y. Feb. 8, 2010) (stating that "the court may deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice" other parties) (quoting *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000)).

4

A party demonstrates "good cause" by showing that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Oscar v. BMW of North America,* No. 09 Civ. 11, 2011 WL 6399505, at *2 (S.D.N.Y. Dec. 20, 2011) (internal quotation marks omitted); *Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 244 (2d Cir. 2007) (citing *Parker,* 204 F.3d at 339-40) (stating that whether "good cause" exists turns primarily on the "diligence" of the moving party in seeking to meet the deadline in the scheduling order). "Good cause can be established when a party does not discover a basis to amend the pleadings or add parties until the scheduling order's deadline to do so has passed." *Lawrence v. Town of Cheektowaga*, No. 04-CV-963S, 2006 WL 2000124, at *2 (W.D.N.Y. July 17, 2006); *Oxaal v. Internet Pictures Corp.,* No. 00CV1863LEKDRH, 2002 WL 485704, at *1-2 (N.D.N.Y. Mar. 27, 2002) (concluding that the defendant demonstrated good cause for seeking to amend his answer after the deadline elapsed where the Federal Circuit Court of Appeals had only recently established a new legal defense in patent cases); *Deghand v. Wal-Mart Stores,* 904 F. Supp. 1218, 1222-23 (D. Kan. 1995) (holding that the plaintiff established good cause for amending her complaint to assert a new claim for defamation where defendant did not disclose the letter which disparaged plaintiff until after the deadline to amend had passed); *Robinson v. Colonie,* No. 91-CV-1355, 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993) (finding that the plaintiffs satisfied Rule 16's good cause requirement where they did not realize that they had confused the identities of two defendant officers until they deposed the two individuals after the amendment deadline).

Foremost argues that Barling had within his knowledge all of the facts he now asserts in support of his amended "bad faith" cross-claim seeking consequential damages, and has offered no reason why he did not put these allegations in his original

cross-claim in 2018.  For example, assuming the truth of the amended allegations for purposes of this motion, Barling knew that Foremost declined to defend him in the underlying personal injury action commenced in 2011, and that he was forced to sell his properties below market value in 2015 to pay his attorney's fees.  On the other hand, the record shows that Foremost did not settle with Perez for her injuries until February 2019 (Dkt. No. 26, p. 5), months after the November 30, 2018 deadline for amending the pleadings (Dkt. No. 20); thereby, belatedly indemnifying Barling for the judgment against him.  This fact would lend support to Barling's argument that there was insurance coverage and Foremost wrongfully declined to defend him in the underlying action.

The Second Circuit Court of Appeals has held on more than one occasion that a party may amend his or her pleadings despite the fact that a long period of time has passed between the party's discovery of relevant facts and his or her filing of an amended pleading.  *See, e.g., Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, n.6 (2d Cir. 1987) (collecting cases where leave to amend was granted after delays ranging from two to five years); *Affiliated FM Insurance Co. v. Liberty Mechanical Contractors, Inc.*, No. 12 Civ. 5160, 2013 WL 4526246, at *5 (S.D.N.Y. Aug. 27, 2013) (allowing defendants to amend after nine months to assert a statute of limitations defense despite the fact that they were aware of the relevant facts at the beginning of the case, reasoning that "the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits") (citing *Foman*, 371 U.S. at 181- 82)).  This is especially true where, as here, the party opposing amendment does not argue that he or she will be prejudiced by the amendment.  *State Teachers Ret. Bd.*, 654 F.2d at 856 (holding that the district court abused its discretion in denying plaintiff leave to

amend, where allowing the amendment, although causing delay, would not unduly prejudice the defendants as the amendment did not come on the eve of trial and would not result in new problems of proof).  Accordingly, this Court declines to deny the motion on this basis.

Futility

"[D]espite the considerable latitude which Rule 15(a) grants in terms of allowing amendments, leave to amend should not be granted automatically or reflexively."  *Oneida Indian Nation of N.Y. State v. County of Oneida, N.Y.,* 199 F.R.D. 61, 72 (N.D.N.Y. 2000).  "Leave to amend need not be granted[, for example] . . . where the proposed amendment would be futile."  *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997) (internal quotations, citations, and alterations omitted); *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011).  A proposed pleading is futile if it could not withstand a motion to dismiss or it fails to raise "triable issues of fact."  *See AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010).  To survive a motion to dismiss under Rule 12(b)(6), the party must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering a motion to dismiss or a futility challenge to an amendment, the court must accept as true all the well-pleaded facts and must draw all reasonable inferences in the moving party's favor.  *See Agerbrink*, 155 F. Supp. 3d at 456; *Avila v. Lease Finance Group, LLC*, No. 11 Civ. 8125, 2012 WL 3165408, at *5 n.3 (S.D.N.Y. July 31, 2012).

This Court finds that Barling's cross-claim alleging "bad faith" denial (or delay) of coverage and seeking consequential damages for the forced sale of his

properties would be futile.  As an initial matter, New York law does not recognize "an independent cause of action for bad faith denial of insurance coverage."  *Woodhams v. Allstate Fire & Cas. Co.,* 748 F. Supp. 2d 211, 223 (S.D.N.Y. 2010), *aff'd,* 453 F. App'x 108 (2d Cir. 2012) (quoting *Vitrano v. State Farm Ins. Co.,* No. 08 Civ. 103, 2008 WL 2696156, at *3 (S.D.N.Y. July 8, 2008)); *Core-Mark Int'l Corp. v. Commonwealth Ins. Co.*, No. 05 CIV. 183 (WHP), 2005 WL 1676704, at *3 (S.D.N.Y. July 19, 2005) (citing cases for the principle that New York does not recognize the tort of bad faith denial of insurance coverage); *Polidoro v. Chubb*, 386 F. Supp. 2d 334, 338 (S.D.N.Y. 2005) (stating that "[p]laintiff's claim for bad-faith conduct in handling insurance claims is not legally-cognizable under New York law"); *United Capital Corp. v. Travelers Indem. Co. of Illinois*, 237 F. Supp. 2d 270, 277 (E.D.N.Y. 2002) (holding that "[u]nder New York law, no independent tort claim exists for the bad faith denial of insurance coverage"); *Bono v. Monarch Life Ins. Co.*, No. 05-CV-281S, 2006 WL 839412, at *3 (W.D.N.Y. Mar. 27, 2006) (holding that "New York law does not permit an insurance claimant to convert a breach of contract claim into a tort claim by alleging that the insurer handled his claims fraudulently or in bad faith").

This is based on the "well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated . . . . spring[ing]  from circumstances extraneous to . . . the contract . . . ."  *Clark-Fitzpatrick, Inc. v. Long Island R. Co.,* 70 N.Y.2d 382, 389 (N.Y. 1987) (citations omitted); *Sommer v. Federal Signal Corp.,* 79 N.Y.2d 540, 552 (N.Y. 1992) ("[W]here plaintiff is essentially seeking enforcement of the bargain, the action should proceed under a contract theory."); *see also Hargrave v. Oki Nursery, Inc.,* 636 F.2d 897, 899 (2d Cir. 1980) ("If the only interest at stake is that of holding the defendant to a

promise, the courts have said that the plaintiff may not transmogrify the contract claim into one for tort."); *Vitrano*, 2008 WL 2696156, at *3 ("[W]here there is an enforceable written contract governing the particular subject matter, claims based on quasi-contract theories . . . do not provide a distinct basis for recovery."); *Spanierman Gallery, PSP v. Love,* No. 03 Civ. 3188, 2003 WL 22480055, at *4 (S.D.N.Y. Oct. 31, 2003).

Barling's proposed claim for consequential damages would likewise be futile. When properly pled, consequential damages may under limited circumstances be recovered as part of a breach of contract clause.  However, damages "beyond those flowing naturally from the breach, . . . must have been brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting."  *Cont'l Info. Sys. Corp. v. Fed. Ins. Co.*, No. 02 CIV. 4168 (NRB), 2003 WL 145561, at *4 (S.D.N.Y. Jan. 17, 2003) (citing *Kenford Co. v. County of Erie,* 73 N.Y.2d 312, 319 (1989)). Thus, "unless a plaintiff alleges that the specific injury was of a type contemplated by the parties at the time of contracting, a claim for consequential damages should be dismissed." *Id.* (citing *Brody Truck Rental, Inc. v. Country Wide Ins. Co.,* 277 A.D.2d 125, 126 (1st Dept. 2000) (dismissing the action because the insurance contract did not cover consequential damages and the parties did not contemplate recovery of consequential damages at the time of contracting)); *Martin v. Metropolitan Prop. & Casualty Ins. Co.,* 238 A.D.2d 389, 390 (2d Dep't 1997) (dismissing insured's action seeking reimbursement from insurer where the insurer "improperly" discontinued payments resulting in the foreclosure of the insured property, reasoning that foreclosure was not foreseeable at the time of contracting)).

Barling's proposed amendment does not adequately plead a basis for the recovery of consequential damages.  As the Court noted in *Continental*, boilerplate allegations that an insurer "knew or should have known that it would be liable to [the claimant] for such [losses] as consequence of such a breach" are insufficient to state a valid claim for such damages.  *Cont'l Info. Sys. Corp.*, 2003 WL 145561, at *5.  Rather, a party must set forth "specific factual allegations that the parties considered, at the time of contracting, consequential damages resulting from a delay in payment by the insurer."  *Id.* The mere fact that an insurer issued a policy does not put the insurer on notice of the possibility of consequential damages.  To determine if an insurer contemplated such losses, courts look at "whether there existed a specific provision in the policy itself permitting recovery for the loss."  *Id.* at *4 (citing cases); *see also Martin v. Metro. Prop. & Cas. Ins. Co.*, 238 A.D.2d 389, 390 (2d Dept. 1997) (holding that consequential damages were not available where the damages were not foreseeable, and the contract of insurance did not "contain any language which permits recovery for consequential damages").

Barling's proposed cross-claim does not allege that the parties considered or contemplated, while contracting an insurance policy for a single property (8 Garner Avenue), that Barling would be forced to sell multiple properties at below market value. Barling cites to no provision in the policy which would provide that Foremost would pay for

such losses.   Therefore, Barling's proposed amended cross-claim, on its face, fails to state a valid cause of action for consequential damages.[2]

Barling's attorney is also not entitled to recover the "contingent fee" he has demanded.  In a June 24, 2019 letter to Foremost's counsel, Barling's attorney stated, "[y]ou have a copy of my retainer agreement with Mr. Ba[r]ling that provides for a contingent fee of 25% of the attorney's fees, which would add another $9,591.00 to Mr. Barling's costs [sic]."  Dkt. No. 26-2, p. 43; Dkt. No. 26-3, p. 10.  To the extent that Barling's proposed cross-claim seeks this "contingent fee," it is futile.  As Foremost states, "[i]t goes without saying that an attorney's 'contingency fee' is paid out of a client's recovery, not added on top of it."  Dkt. No. 26-3, p. 10.  Moreover, under New York law, an insured is not entitled to recover legal fees and expenses incurred in pursuing his right to coverage.  *New York University v. Continental Ins. Co.*, 87 N.Y.2d 308, 324 (1995); *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979); *see also Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 644 (E.D.N.Y. 2000) ("New York law is clear that attorneys' fees are 'incidents of litigation.'").

Based on the foregoing, Barling's request to amend his answer with cross-claim must be denied.

---

[2] Even if it did, it does not appear that Barling would be entitled to the amount he claims for the "forced sales" of his properties.  Foremost has submitted records (which Barling has not refuted) that show that Barling never owned 491 Winslow Avenue, in Buffalo, NY, one of the properties he claims to have sold.  Dkt. No. 26-2, pp. 62-77.  Barling allegedly sold the balance of these properties in 2015, but clearly did not pay the judgment or, it would seem, his attorney's fees. According to a June 4, 2019 accounting, Barling's counsel noted that Barling had paid him only $14,450.00 to date, and still owed $30,697.00 for unpaid fees with interest.  Dkt. No. 26-2, p. 41.

Summary Judgment

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant does so by identifying ***admissible*** evidence he or she believes demonstrates the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is material "only if it has some effect on the outcome of the suit." *Eagley v. State Farm Ins. Co.*, No. 13-CV-6653, 2015 WL 5714402, at *5 (W.D.N.Y. Sept. 29, 2015) (citation and quotation omitted). A genuine issue exists as to a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam), and *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989)).

Barlow moves for partial summary judgment arguing that Foremost's settlement with Perez "is an acknowledgement that the damages alleged in the complaint are not excluded under the subject policy[,]" and that the policy of insurance had not been cancelled prior to the date of loss. Dkt. No. 24, p. 4. Putting aside the fact that Barling's motion does not comply with Local Rule of Civil Procedure 56(a)(1), in that it does not contain a statement of undisputed material facts, it still fails because Rule 408(a) of the Federal Rules of Evidence bars the use of most evidence of compromise and settlement to prove or disprove the validity or amount of a disputed claim. *Trebor Sportswear Co. v. The*

*Ltd. Stores, Inc.*, 865 F.2d 506, 510-12 (2d Cir. 1989) (affirming the district court's decision to exclude, on a motion for summary judgment, documents that were intended, at least in part, to settle buyers' claims of breach of contract, reasoning that the documents were inadmissible under Federal Rule of Evidence 408 to prove the validity of their contractual claims).  Since Barling does not purport to offer this evidence for any other purpose than to show that Foremost breached the contract by not defending and/or indemnifying him in the underlying personal injury action, his request for partial summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, Barling's Motion to Amend/Correct his Answer and Cross-Claim and for Summary Judgment (Dkt. No. 24) is DENIED in its entirety.


**SO ORDERED.**


DATED:      Buffalo, New York
            June 18, 2020


                                                  *s/ H. Kenneth Schroeder, Jr.*
                                                  **H. KENNETH SCHROEDER, JR.**
                                                  **United States Magistrate Judge**